## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
| --- | --- |
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION | Case No. 2:17-cv-00929-JMV-JBC <br><br> CLASS ACTION |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND <u>PROVIDING FOR NOTICE</u>

WHEREAS, Lead Plaintiffs Dan Grunfeld, Shawn Kracht, Joseph Selinger, James Huisman, and Brooks Lieske (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, on the one hand, and SELLAS Life Sciences, Inc. f/k/a Galena Biopharma, Inc. ("the Company"), Mark J. Schwartz and Christopher S. Lento (collectively, "Defendants"), on the other hand, have entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action on the merits and with prejudice (the "Settlement"); and

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to Class Members;

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits, and Lead Plaintiffs' motion for preliminary approval of the Settlement; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

A.      by this Order, this Court certifies the settlement Class on behalf of all persons or entities who purchased or otherwise acquired the Company common stock during the period November 3, 2014 through November 9, 2015, inclusive (the "Class Period");

B.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are appointed as the Class Representatives and Lead Counsel is appointed as Class Counsel;

C.      by this Order, the Court approves the proposed form and content of notices to be disseminated to the Class, and approves the proposed method for dissemination of those notices, as more fully described herein; and

D.      pursuant to this Order, notice will be disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants, (b) their right to request to be excluded from the Class, (c) the effect of remaining in the Class or requesting exclusion, and (d) the requirements for requesting exclusion.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and preliminarily approves the Settlement set forth therein as fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or otherwise acquired shares of the common stock of the Company between November 3, 2014 through November 9, 2015, inclusive (the "Class Period").  Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of the Company; (iii) members of their immediate families; and (iv) their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the

Settlement Class are any Person(s) that timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.       The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

 (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims Lead Plaintiffs make are typical of the Settlement Class's claims;

(d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as class representatives for the Settlement Class.  The law firm of Federman & Sherwood is preliminarily appointed as class counsel for the Settlement Class.

5.      The Court will hold a hearing (the "Settlement Fairness Hearing") on **February 21, 2022 at 10:30 a.m.** at the United States District Court for New Jersey, 50 Walnut Street, Newark, NJ 07102, in Courtroom PO 03, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether the Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing with prejudice the claims asserted in the Action; (c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Lead Plaintiffs should be finally certified as class representatives for the Settlement Class, and whether the law firm of Federman & Sherwood should be finally appointed as counsel for the Settlement Class; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

6.      The Court may adjourn the Settlement Fairness Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the affected Settling Parties may agree to, if appropriate, without further notice to the Class.

7.      Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator"), to administer the dissemination of the Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Fairness Hearing shall be given as follows:

4

(a)     not later than the "Notice Date," which shall be ten (10) business days after the date of entry of this Order, the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to the members of the Class who may be identified through reasonable effort;

(b)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the (i) Stipulation, (ii) Summary Notice, substantially in the form attached hereto as Exhibit 3, (iii) the Claim Form, substantially in the form attached hereto as Exhibit 2, and (iv) the Long Notice, substantially in the form attached hereto as Exhibit 1, to be posted on a website (the "Settlement Website") from which copies of the Long Notice and Claim Form can be downloaded;

(c)     not later than ten (10) business days after the Notice Date, Lead Counsel shall also cause the Claims Administrator to publish the Summary Notice, substantially in the form attached hereto as Exhibit 3; and

(d)     not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     The Court (a) approves, as to form and content, the Long Notice, the Claim Form, the Summary Notice, and the Postcard Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's

motion for attorneys' fees and reimbursement of expenses, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice and Summary Notice before they are mailed and published, respectively.

9.     The Claims Administrator shall use reasonable efforts to give securities brokers and other nominees ("Nominees") notice that, if they purchased or otherwise acquired the Company common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (a) within ten (10) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.

(a)     for Nominees who chose the first option (*i.e.*, elected to mail the Postcard Notice directly to beneficial owners), the Claims Administrator shall forward the same number of Postcard Notices to such Nominees, and the Nominees shall, within ten (10) calendar days of receipt of the Postcard Notices, mail the Postcard Notices to their beneficial owners;

(b)     for Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Postcard Notice to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or otherwise acquired the Company

common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action;

(c)   for Nominees who purchased or otherwise acquired the Company common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to the Claims Administrator, or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to the Claims Administrator, such Nominees shall within ten (10) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator, or shall request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners which the Nominee shall, within ten (10) calendar days of receipt of the Postcard Notices from the Claims Administrator, mail to the beneficial owners; and

(d)   upon full and timely compliance with this Order, Nominees who mail the Postcard Notices to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Funds, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.   Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a

Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlements.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must  be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulations and the Long Notice.

13.     Any Class Member, may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a "Request for Exclusion," postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address specified in the Notice.  A Request for Exclusion must be signed by such person or his, her, or its authorized representative and shall state: (a) the name, address, and telephone number of the person requesting exclusion; (b) the person's purchases and sales of Galena common stock, including the dates, the number of shares, and price paid or received per share for each such purchase or sale; and (c) that they wish to be excluded from the Class.  A Request for Exclusion shall not be effective unless it provides all the required information, including supporting documentation of the person's purchases and sales of Galena common stock, and is received within the time stated above, or is otherwise accepted by the Court.  Any person who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Released Claims against Defendants and their Released Parties.  Any person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is thereby excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any other orders or judgments in the Action, and shall have no right to receive any payment from the Settlement Fund.

14.     Any  Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

9

15.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Federman & Sherwood | Hughes Hubbard & Reed LLP |
| Attn: William B. Federman | Attn: Shahzeb Lari |
| 10205 N. Pennsylvania Avenue | One Battery Park Plaza |
| Oklahoma City, OK 73120 | New York, NY 10004-1482 |
| Tel: (405) 235-1560 | Tel: (212) 837-6000 |
| Fax: (405) 239-2112 | Fax: (212) 422-4726 |
| Email:  wbf@federmanlaw.com | Email: |
|  | Shahzeb.lari@hugheshubbard.com |

16.     Any objections, filings, and other submissions by the objecting Class Member:  (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Class, consisting of documents showing the

10

number of shares of the Company common stock that the objector (a) owned as of the opening of trading on November 3, 2014, and (b) purchased/acquired and/or sold during the period from November 3, 2014 through November 9, 2015, inclusive, as well as the number of shares, dates, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses in this or any other proceeding.

18.     The Court stays all proceedings in the Action between the respective Settling Parties other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

19.     All reasonable Notice and Administration Costs shall be paid as set forth in the Stipulation without further order of the Court.

20.     The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect as to the Settlement, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the affected Settling Parties, and the affected Settling Parties shall revert to their respective positions in the Action as provided in the Stipulation.

22.     Neither this Order nor the Stipulation, including the exhibits thereto and the Plan of Allocation contained in the Long Notice (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are

without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to them to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

23.     Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses no later than thirty (30) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

24.     Neither Defendants not their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs or Lead Counsel, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 8th day of October, 2021.


_____
The Honorable John Michael Vazquez
United States District Judge

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

IN RE GALENA BIOPHARMA, INC.
SECURITIES LITIGATION

Case No. 2:17-cv-00929-JMV-JBC

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

TO:  **ALL PERSONS WHO PURCHASED THE COMMON STOCK OF GALENA BIOPHARMA, INC. ("GALENA") DURING THE PERIOD NOVEMBER 3, 2014 THROUGH NOVEMBER 9, 2015, INCLUSIVE**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 202_.

- **Security and Time Period**:  Galena common stock purchased during the period November 3, 2014 through November 9, 2015, inclusive (the "Settlement Class Period").[1]

- **Settlement Fund**:  $1,600,000.00 in cash, plus all interest or income earned thereon.  Your recovery will depend on the amount of Galena common stock you purchased, the timing of your purchases and sales, if any, and the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, if at all.  Based on the information currently available to Plaintiffs and the analysis performed by their damages consultant, it is estimated that if Class Members submit claims for 100% of the common stock estimated to be eligible for a distribution under the proposed Plan of Allocation (described in Question 8 below), the estimated average distribution will be approximately $0.32 per eligible share of common stock, before deduction of Court-approved fees and expenses, including the cost of settlement administration, any attorneys' fees and expenses awarded by the Court to Lead Counsel, and any Lead Plaintiff Compensatory Awards awarded by the Court.  Historically, actual claim rates are less than 100%, which results in higher distributions per share.  The payment you get will reflect the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

- **Reasons for Settlement**:  The Settlement resolves claims against Defendants for alleged violations of the federal securities laws that have been pending since February 2017.  Defendants deny all allegations of wrongdoing. The Settlement provides the Settlement Class with a substantial benefit now (namely $1.6 million, plus interest), as compared to the risk that a smaller or no recovery would be achieved after engaging in years of further litigation – including contested motions, trial, and likely appeals, in which Defendants would have the opportunity to assert defenses to the claims asserted against them.  In light of the amount of the Settlement and the immediacy of recovery to the Class Members, Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

- **Fees and Expenses**:  Lead Counsel, who have been prosecuting this Litigation on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their

---

[1] All otherwise undefined terms have the definitions set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), executed by the Parties on September 13, 2021.

representation of the Settlement Class (including, but not limited to, investigating the facts, drafting and filing the Complaint, and negotiating the Settlement) and have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Lead Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $80,000 to be paid from the Settlement Fund.  Additionally, Lead Counsel intend to ask the Court to grant Lead Plaintiffs an award not to exceed $15,000 in total.  If the above amounts are requested and approved by the Court, the average cost will be approximately $0.12 per damaged share of Galena common stock.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 202__** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 202__** | Get no payment.  This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 202__** | Write to the Court about why you do not like the Settlement. |
| **GO TO THE SETTLEMENT HEARING ON _____ __, 202__** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

### WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ........................................................................... Page _
What Is The Lawsuit About? ......................................................................... Page _
Why Is This A Class Action? ........................................................................ Page _
Why Is There A Settlement? ......................................................................... Page _
How Do I Know If I Am Part of The Settlement? ........................................ Page _
Are There Exceptions To Being Included In the Settlement? ...................... Page _
What Does The Settlement Provide? ............................................................ Page _
How Much Will My Payment Be? What Is The Plan Of Allocation? .......... Page _
How Do I Participate In The Settlement? ..................................................... Page _
When Will I Receive My Payment? .............................................................. Page _
What Rights Am I Giving Up By Remaining In The Settlement Class? ....... Page _
What If A Class Member Is Deceased? ........................................................ Page _
What If I Bought Galena Stock On Someone Else's Behalf ......................... Page _
How Do I Exclude Myself From The Settlement? ....................................... Page _
If I Do Not Exclude Myself, Can I Sue Defendants For The Same Thing Later? ... Page _
If I Exclude Myself, Can I Get Money From This Settlement? .................... Page _
Do I Have A Lawyer In This Case? .............................................................. Page _
How Will The Lawyers Be Paid? ................................................................. Page _
How Do I Tell The Court That I Do Not Like The Settlement? ................... Page _
What Is The Difference Between Objecting and Excluding? ....................... Page _

3

When And Where Will the Court Decide Whether To Approve The Settlement?     Page _
Do I Have To Come To The Hearing?                                          Page _
May I Speak At The Settlement Hearing                                       Page _
What Happens If I Do Nothing At All?                                        Page _
How Can I Get More Information?                                             Page _

**1.     Why Did I Get This Notice Package?**

You or someone in your family may have purchased Galena common stock during the Settlement Class Period.

The Court directed us to send this Notice because, as a potential Class Member, you have a right to know about the proposed Settlement, and about all of your options.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  *See* Question 3 below.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator, selected by Plaintiffs and approved by the Court, will issue payments pursuant to the Settlement and the court-approved Plan of Allocation.  This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application.

The Court in charge of the case is the Honorable John Michael Vazquez of the United States District Court for the New Jersey, and the case is known as *In re Galena Biopharma, Inc., Securities Litigation*, Case No 2:17-cv-00929-JMV-JBC.

**2.     What Is This Lawsuit About?**

Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by allegedly misrepresenting or omitting material facts about, among other things, how Defendants allowed the top prescribers of its addictive opioid drug, Abstral, to over-prescribe the drug for non-legitimate medical purposes, even paying kickbacks to doctors in exchange for prescriptions of Abstral. Plaintiffs allege that the purported false and misleading statements or omissions resulted in the artificial inflation of the price of Galena common stock during the period November 3, 2014 through November 9, 2015, inclusive.

Defendants, individually and collectively, have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that Defendants committed or attempted to commit, any of the wrongful acts or violations of law that are alleged in the Action, including that they made any material misrepresentations or omissions or that the Plaintiffs or Members of the Settlement Class were harmed by the conduct alleged in the Complaint.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.

Plaintiffs and Defendants disagree on liability and damages.  Plaintiffs and their financial expert believe that, if the class prevailed on Plaintiffs' claims and if the Court accepted their theory

of damages, the class could have potentially received a jury award in the range of $3 million to $13.66 million, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable.  Defendants deny that they are liable to the class and deny that the class has suffered any damages.  Defendants believe that even if Plaintiffs were to prove the other elements of their claims, there are no damages that can be proved. The Settlement resolves all certified claims against Defendants.

**3.     Why Is This a Class Action?**

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class.  Here, all these people, together, are called the Settlement Class or Class Members.

In a class action, one or more people called lead plaintiffs sue on behalf of people who have similar claims.  In the Action, the Court appointed Dan Grunfeld, Shawn Kracht, Joseph Selinger, James Huisman, and Brooks Lieske to serve as the Lead Plaintiffs, and approved Lead Plaintiffs' selection of Federman & Sherwood to serve as lead counsel on behalf of the Settlement Class ("Lead Counsel").

The Court has preliminarily certified the Action to proceed as a class action for settlement purposes only and preliminarily certified the Lead Plaintiffs as the representatives for the Settlement Class.

**4.     Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, the Parties have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Class Members to be compensated without further delay.

The proposed Settlement was arrived at through lengthy, arms'-length negotiations. Plaintiffs and Lead Counsel agreed to the terms of the proposed Settlement after briefing numerous motions to dismiss, after considering the results of their factual and legal investigation, and after evaluating the strengths and weaknesses of the claims and defenses asserted in the Action.  Based upon that evaluation, among other things, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims alleged in the Action pursuant to the terms and provisions of the Stipulation.

**5.     How Do I Know If I Am Part of the Settlement?**

The Settlement Class includes all Persons who purchased or otherwise acquired Galena common stock during the period November 3, 2014 through November 9, 2015, inclusive.

6.      **Are There Exceptions to Being Included in the Settlement Class?**

Yes. Excluded from the Settlement Class are Defendants, members of the immediate family of the Defendants, any entity in which any Defendants have or had a controlling interest, any entity for which any Defendant acted as an investment member, current and former directors and officers of Galena and the legal representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from the Settlement Class are those persons and entities who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

7.      **What Does the Settlement Provide?**

Defendants have agreed to pay, or cause their insurer to pay, $1.6 million in cash in settlement of the Action (the "Settlement Amount").  The Settlement Amount, plus any interest or income earned thereon from the date it is established (the "Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who submit valid Proofs of Claim and whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing the Publication Notice, the costs of claims administration, and Taxes on the Settlement Fund.

8.      **How Much Will My Payment Be?  What is the Plan of Allocation?**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Claim and Release forms ("Claimants") under the Plan of Allocation described below.[2]

For purposes of determining the amount a Claimant may recover under the Plan of Allocation, Lead Counsel conferred with their damages expert.  The Plan of Allocation reflects an assessment of the damages that Plaintiffs' damages expert estimates could have been recovered had the Plaintiffs prevailed at trial. The Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation.  Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.GalenaSettlement.com.

Based on the foregoing, and for purposes of this settlement only, the Plan of Allocation for distributing the Net Settlement Fund is as follows:

1.  For each share of Galena Biopharma, Inc. ("GALE") common stock purchased during the period November 3, 2014 through August 6, 2015, inclusive and:

    a)  Sold prior to the close of trading on August 6, 2015, the Recognized Loss is $0.00.

    b)  Sold during the period August 7, 2015 through November 9, 2015, inclusive the Recognized Loss shall be the lesser of a) the difference between the inflation per

---

[2] The Plan of Allocation utilizes Galena share prices as they existed prior to the Company's 1-for-20 reverse stock split executed on November 11, 2016. The Complaint in this action adjusted shares to post-split prices.

share on the date of purchase and the inflation per share on the date of sale, as set forth on Table A (below); or b) the difference between the purchase price per share and the sale price per share.

c) Sold during the period November 10, 2015 through February 5, 2016, inclusive the Recognized Loss be the least of a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning November 10, 2015 through the date of sale, as set forth on Table B (below).

d) Held as of the close of trading on February 5, 2016, the Recognized Loss shall be the lesser of a) the inflation per share on the date of purchase, as set forth on Table A (below); or b) the difference between the purchase price per share and $24.57 per share.[3]

2. For each share of Galena Biopharma, Inc. ("GALE") common stock purchased during the period August 7, 2015 through November 9, 2015, inclusive and:

a) Sold prior to the close of trading on November 9, 2015, the Recognized Loss is $0.00.

b) Sold during the period November 10, 2015 through February 5, 2016, inclusive the Recognized Loss shall be the least of a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning November 10, 2015 through the date of sale, as set forth on Table B (below).

c) Held as of the close of trading on February 5, 2016, the Recognized Loss shall be the lesser of a) the inflation per share on the date of purchase, as set forth on Table A (below); or b) the difference between the purchase price per share and $24.57 per share.

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean closing price of GALE common stock during the 90-day period, beginning on November 10, 2015 and ending on February 5, 2016, was $24.57.

| TABLE A INFLATION PER SHARE | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/3/2014 | $6.42 | 2/6/2015 | $5.61 | 5/12/2015 | $4.50 | 8/13/2015 | $3.27 |
| 11/4/2014 | $6.69 | 2/9/2015 | $5.65 | 5/13/2015 | $4.50 | 8/14/2015 | $3.14 |
| 11/5/2014 | $6.45 | 2/10/2015 | $5.55 | 5/14/2015 | $4.57 | 8/17/2015 | $3.23 |
| 11/6/2014 | $6.86 | 2/11/2015 | $5.45 | 5/15/2015 | $4.54 | 8/18/2015 | $3.20 |
| 11/7/2014 | $6.56 | 2/12/2015 | $5.45 | 5/18/2015 | $4.40 | 8/19/2015 | $3.12 |
| 11/10/2014 | $6.49 | 2/13/2015 | $5.65 | 5/19/2015 | $4.37 | 8/20/2015 | $3.00 |
| 11/11/2014 | $6.42 | 2/17/2015 | $5.82 | 5/20/2015 | $4.37 | 8/21/2015 | $2.96 |
| 11/12/2014 | $6.45 | 2/18/2015 | $5.92 | 5/21/2015 | $4.47 | 8/24/2015 | $3.31 |
| 11/13/2014 | $6.32 | 2/19/2015 | $6.25 | 5/22/2015 | $4.57 | 8/25/2015 | $3.56 |
| 11/14/2014 | $6.29 | 2/20/2015 | $6.19 | 5/26/2015 | $4.77 | 8/26/2015 | $3.29 |
| 11/17/2014 | $6.08 | 2/23/2015 | $6.35 | 5/27/2015 | $5.35 | 8/27/2015 | $3.29 |
| 11/18/2014 | $6.19 | 2/24/2015 | $6.05 | 5/28/2015 | $5.48 | 8/28/2015 | $3.31 |
| 11/19/2014 | $6.08 | 2/25/2015 | $6.19 | 5/29/2015 | $5.28 | 8/31/2015 | $3.49 |
| 11/20/2014 | $6.25 | 2/26/2015 | $6.15 | 6/1/2015 | $5.41 | 9/1/2015 | $3.49 |
| 11/21/2014 | $6.96 | 2/27/2015 | $6.05 | 6/2/2015 | $5.71 | 9/2/2015 | $3.58 |
| 11/24/2014 | $6.35 | 3/2/2015 | $6.08 | 6/3/2015 | $6.02 | 9/3/2015 | $3.58 |
| 11/25/2014 | $6.15 | 3/3/2015 | $6.22 | 6/4/2015 | $6.61 | 9/4/2015 | $3.45 |
| 11/26/2014 | $6.15 | 3/4/2015 | $6.56 | 6/5/2015 | $7.50 | 9/8/2015 | $3.51 |
| 11/28/2014 | $5.98 | 3/5/2015 | $6.72 | 6/8/2015 | $7.53 | 9/9/2015 | $3.56 |
| 12/1/2014 | $5.82 | 3/6/2015 | $6.32 | 6/9/2015 | $6.96 | 9/10/2015 | $3.78 |
| 12/2/2014 | $5.78 | 3/9/2015 | $5.95 | 6/10/2015 | $7.23 | 9/11/2015 | $3.76 |
| 12/3/2014 | $5.68 | 3/10/2015 | $5.82 | 6/11/2015 | $6.82 | 9/14/2015 | $3.84 |
| 12/4/2014 | $5.61 | 3/11/2015 | $5.78 | 6/12/2015 | $6.35 | 9/15/2015 | $3.95 |
| 12/5/2014 | $5.68 | 3/12/2015 | $5.82 | 6/15/2015 | $6.69 | 9/16/2015 | $3.93 |
| 12/8/2014 | $5.58 | 3/13/2015 | $4.77 | 6/16/2015 | $6.25 | 9/17/2015 | $3.98 |
| 12/9/2014 | $5.68 | 3/16/2015 | $4.71 | 6/17/2015 | $6.29 | 9/18/2015 | $3.84 |
| 12/10/2014 | $5.55 | 3/17/2015 | $4.61 | 6/18/2015 | $6.05 | 9/21/2015 | $4.15 |
| 12/11/2014 | $5.68 | 3/18/2015 | $4.74 | 6/19/2015 | $5.95 | 9/22/2015 | $4.04 |
| 12/12/2014 | $5.68 | 3/19/2015 | $5.01 | 6/22/2015 | $6.12 | 9/23/2015 | $3.98 |
| 12/15/2014 | $5.48 | 3/20/2015 | $4.91 | 6/23/2015 | $6.52 | 9/24/2015 | $3.98 |
| 12/16/2014 | $5.14 | 3/23/2015 | $4.94 | 6/24/2015 | $6.29 | 9/25/2015 | $3.65 |
| 12/17/2014 | $5.48 | 3/24/2015 | $4.96 | 6/25/2015 | $6.15 | 9/28/2015 | $3.49 |
| 12/18/2014 | $5.45 | 3/25/2015 | $4.74 | 6/26/2015 | $5.92 | 9/29/2015 | $3.07 |
| 12/19/2014 | $5.28 | 3/26/2015 | $4.64 | 6/29/2015 | $5.58 | 9/30/2015 | $3.49 |
| 12/22/2014 | $5.21 | 3/27/2015 | $4.54 | 6/30/2015 | $5.71 | 10/1/2015 | $3.60 |
| 12/23/2014 | $5.08 | 3/30/2015 | $4.74 | 7/1/2015 | $5.82 | 10/2/2015 | $3.65 |
| 12/24/2014 | $5.01 | 3/31/2015 | $4.67 | 7/2/2015 | $5.65 | 10/5/2015 | $3.91 |
| 12/26/2014 | $5.14 | 4/1/2015 | $4.61 | 7/6/2015 | $5.68 | 10/6/2015 | $3.82 |
| 12/29/2014 | $5.18 | 4/2/2015 | $4.61 | 7/7/2015 | $5.58 | 10/7/2015 | $3.89 |
| 12/30/2014 | $5.11 | 4/6/2015 | $4.71 | 7/8/2015 | $5.16 | 10/8/2015 | $3.82 |

| Date | Price | Date | Price | Date | Price | Date | Price |
|---|---|---|---|---|---|---|---|
| 12/31/2014 | $5.08 | 4/7/2015 | $4.71 | 7/9/2015 | $5.14 | 10/9/2015 | $3.84 |
| 1/2/2015 | $5.24 | 4/8/2015 | $4.71 | 7/10/2015 | $5.48 | 10/12/2015 | $3.84 |
| 1/5/2015 | $5.11 | 4/9/2015 | $4.71 | 7/13/2015 | $5.71 | 10/13/2015 | $3.78 |
| 1/6/2015 | $5.01 | 4/10/2015 | $4.64 | 7/14/2015 | $6.22 | 10/14/2015 | $3.67 |
| 1/7/2015 | $4.94 | 4/13/2015 | $4.64 | 7/15/2015 | $5.98 | 10/15/2015 | $3.89 |
| 1/8/2015 | $5.11 | 4/14/2015 | $4.87 | 7/16/2015 | $6.15 | 10/16/2015 | $3.87 |
| 1/9/2015 | $5.55 | 4/15/2015 | $4.87 | 7/17/2015 | $6.02 | 10/19/2015 | $3.80 |
| 1/12/2015 | $6.05 | 4/16/2015 | $4.81 | 7/20/2015 | $5.82 | 10/20/2015 | $3.78 |
| 1/13/2015 | $6.25 | 4/17/2015 | $4.71 | 7/21/2015 | $5.85 | 10/21/2015 | $3.65 |
| 1/14/2015 | $6.25 | 4/20/2015 | $4.64 | 7/22/2015 | $5.71 | 10/22/2015 | $3.58 |
| 1/15/2015 | $5.88 | 4/21/2015 | $4.69 | 7/23/2015 | $5.61 | 10/23/2015 | $3.69 |
| 1/16/2015 | $5.92 | 4/22/2015 | $4.69 | 7/24/2015 | $5.41 | 10/26/2015 | $3.71 |
| 1/20/2015 | $5.71 | 4/23/2015 | $4.81 | 7/27/2015 | $5.08 | 10/27/2015 | $3.60 |
| 1/21/2015 | $5.38 | 4/24/2015 | $4.87 | 7/28/2015 | $5.41 | 10/28/2015 | $3.80 |
| 1/22/2015 | $5.51 | 4/27/2015 | $4.71 | 7/29/2015 | $5.71 | 10/29/2015 | $3.82 |
| 1/23/2015 | $5.58 | 4/28/2015 | $4.61 | 7/30/2015 | $5.58 | 10/30/2015 | $3.71 |
| 1/26/2015 | $5.78 | 4/29/2015 | $4.61 | 7/31/2015 | $5.51 | 11/2/2015 | $3.87 |
| 1/27/2015 | $5.75 | 4/30/2015 | $4.54 | 8/3/2015 | $5.48 | 11/3/2015 | $3.91 |
| 1/28/2015 | $5.55 | 5/1/2015 | $4.61 | 8/4/2015 | $5.48 | 11/4/2015 | $3.91 |
| 1/29/2015 | $5.48 | 5/4/2015 | $4.67 | 8/5/2015 | $5.58 | 11/5/2015 | $3.80 |
| 1/30/2015 | $5.48 | 5/5/2015 | $4.50 | 8/6/2015 | $5.48 | 11/6/2015 | $3.82 |
| 2/2/2015 | $5.65 | 5/6/2015 | $4.57 | 8/7/2015 | $3.34 | 11/9/2015 | $3.80 |
| 2/3/2015 | $5.68 | 5/7/2015 | $4.64 | 8/10/2015 | $3.31 | | |
| 2/4/2015 | $5.48 | 5/8/2015 | $4.50 | 8/11/2015 | $3.29 | | |
| 2/5/2015 | $5.68 | 5/11/2015 | $4.47 | 8/12/2015 | $3.23 | | |

| TABLE B MEAN TRADING PRICE | | | |
|---|---|---|---|
| 11/10/2015 | $30.60 | 12/23/2015 | $30.08 |
| 11/11/2015 | $29.90 | 12/24/2015 | $30.10 |
| 11/12/2015 | $29.80 | 12/28/2015 | $30.10 |
| 11/13/2015 | $29.85 | 12/29/2015 | $30.11 |
| 11/16/2015 | $29.76 | 12/30/2015 | $30.09 |
| 11/17/2015 | $29.73 | 12/31/2015 | $30.07 |
| 11/18/2015 | $29.83 | 1/4/2016 | $30.04 |
| 11/19/2015 | $29.80 | 1/5/2016 | $29.97 |
| 11/20/2015 | $29.76 | 1/6/2016 | $29.87 |
| 11/23/2015 | $29.76 | 1/7/2016 | $29.58 |
| 11/24/2015 | $29.76 | 1/8/2016 | $29.25 |
| 11/25/2015 | $29.80 | 1/11/2016 | $28.93 |
| 11/27/2015 | $29.80 | 1/12/2016 | $28.64 |

| | | | |
|---|---|---|---|
| 11/30/2015 | $29.81 | 1/13/2016 | $28.33 |
| 12/1/2015 | $29.83 | 1/14/2016 | $28.03 |
| 12/2/2015 | $29.80 | 1/15/2016 | $27.72 |
| 12/3/2015 | $29.75 | 1/19/2016 | $27.44 |
| 12/4/2015 | $29.74 | 1/20/2016 | $27.18 |
| 12/7/2015 | $29.78 | 1/21/2016 | $26.93 |
| 12/8/2015 | $29.82 | 1/22/2016 | $26.72 |
| 12/9/2015 | $29.83 | 1/25/2016 | $26.51 |
| 12/10/2015 | $29.89 | 1/26/2016 | $26.30 |
| 12/11/2015 | $29.89 | 1/27/2016 | $26.08 |
| 12/14/2015 | $29.88 | 1/28/2016 | $25.86 |
| 12/15/2015 | $29.86 | 1/29/2016 | $25.63 |
| 12/16/2015 | $29.88 | 2/1/2016 | $25.41 |
| 12/17/2015 | $29.87 | 2/2/2016 | $25.18 |
| 12/18/2015 | $29.88 | 2/3/2016 | $24.97 |
| 12/21/2015 | $29.95 | 2/4/2016 | $24.77 |
| 12/22/2015 | $30.04 | 2/5/2016 | $24.57 |

For all purposes, the transaction date and not the settlement date shall be used as the date for determining the eligibility to file a claim, and the calculation of Recognized Losses. All purchases and sales of shares of Galena stock shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00).

The date of covering a "short sale" is deemed to be the date of purchase of the Galena Security. The date of a "short sale" is deemed to be the date of sale of the Galena Security. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

Each Authorized Claimant shall recover his, her, or its pro rata share of the Net Settlement Fund. If the prorated share calculates to less than $10.00, it will be removed from the calculation and it will not be paid.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the District of New Jersey with respect to his, her, or its Proof of Claim form.

## 9.    How Will I Receive a Payment?

Each Person wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim establishing membership in the Settlement Class, and include all required documentation, postmarked on or before [_____ ], to the address set forth in the Proof

10

of Claim that accompanies this Notice.  A Proof of Claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked on or before ____.

Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim postmarked on or before [    ], shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any judgment entered and releases given.

Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

**10.    When Will I Receive My Payment?**

The Court will hold a hearing on _____, to decide whether to approve the Settlement, the proposed Plan of Allocation, and Fee and Expense Application.  If the Settlement is approved by the Court, and upon satisfaction of the other conditions to the Settlement, including the expiration of the time for the filing of any appeals, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.

The claims administration process takes time.  Please be patient.

**11.    What Rights Am I Giving Up by Remaining in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the Defendants' Released Parties about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against the Defendants and the Defendants' Released Parties.  The terms of the release are included in the Proof of Claim that is enclosed.

**12.    What If A Class Member Is Deceased?**

The authorized legal representative(s) of a Class Member may receive a recovery on behalf of the deceased Class Member.

**13.    What If I Bought Galena Securities On Someone Else's Behalf?**

If you purchased Galena Securities during the Settlement Class Period for the beneficial interest of a Class Member, you must either (a) send copies of the Notice and Proof of Claim to the beneficial owner(s) of the Securities within ten (10) days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such transmittal, or (b) provide the Claims Administrator with the names and addresses of such beneficial owner(s) within ten (10) days from the receipt of the Notice, in which event the Claims Administrator will promptly mail

the Notice and Proof of Claim to such beneficial owner(s). The Claims Administrator will provide nominees with additional copies of the Notice and Proof of Claim upon request. Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Notice and Proof Claim by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of this Notice and the Proof of Claim can be obtained from the website maintained by the Claims Administrator, www.GalenaSettlement.com, by calling the Claims Administrator toll-free at (855) 867-0739, or from Lead Counsel's website: www.federmanlaw.com.

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or is sometimes referred to as opting out of, the Settlement Class.

**14.     How Do I Exclude Myself from the Settlement?**

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter by first-class mail by [     ], 202_, stating that you want to be excluded from *In re Galena Biopharma, Inc., Securities Litigation,* Case No 2:17-cv-00929-JMV-JBC. You must include: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Galena common stock, including the dates, the number of shares of common stock, and price paid or received per share of common stock for each such purchase or sale (and supporting documentation); and (c) a statement that the Person wishes to be excluded from the Settlement Class. No request for exclusion will be considered valid unless all of the information described above is included in any such request.

Any Person who wishes to exclude him/her/itself from the Settlement Class must submit a valid and timely Request for Exclusion to:

*Galena Securities Settlement*
EXCLUSIONS
C/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 6578
Portland, OR 97208-6578

You cannot exclude yourself on the phone, by fax, or by e-mail. If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement, or any part of it.

**15.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants and the Defendants' Released Parties for all the Released Claims in the Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [ ], 202_.

**16.    If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim.  But, you may sue, continue to sue, or be part of a different lawsuit, involving the Released Claims against the Defendants and their Corresponding Parties.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**17.    Do I Have a Lawyer in This Case?**

The Court appointed Federman & Sherwood as Lead Counsel to represent you and other Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.    How Will the Lawyers Be Paid?**

To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Settlement Class and have not been paid for their substantial out-of-pocket expenses.  Lead Counsel will ask the Court for an award of attorneys' fees not to exceed $528,000 (33% of the Settlement Fund) and for the reimbursement of out-of-pocket expenses of up to $80,000, which were incurred in connection with the Action.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Lead Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly-contingent basis.  The fees requested, if awarded, will compensate Lead Counsel for their work and risk in achieving the Settlement.  Lead Counsel believe that these fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

**19.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the proposed Plan of Allocation, request for attorneys' fees and reimbursement of out-of-pocket expenses, or the request for the Lead Plaintiff Compensatory Award.  You can state why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a written objection saying that you object to the Settlement, or any part of it, in *In re Galena Biopharma, Inc., Securities Litigation*, Case No 2:17-cv-00929-JMV-JBC.  Be sure to

include: (a) your name, address, telephone number; (b) your purchases and sales of Galena common stock, including the dates, the number of shares, and price paid or received per share of common stock for each such purchase or sale; (c) your signature; and (d) the reasons for your objection.  Any Person who wishes to object to the Settlement, the Plan of Allocation and/or the Fee and Expenses Application must file and serve an objection on or before [   ], to:

| Clerk's Office | Counsel for Plaintiffs | Counsel for Defendants |
|---|---|---|
| Clerk of Court<br>United States District Court<br>For the District of New Jersey<br>50 Walnut Street, Room 4015<br>Newark, NJ 07102 | William B. Federman, Esq.<br>Brooke Murphy, Esq.<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>Facsimile: (405) 239-2112 | Shahzeb Lari, Esq.<br>HUGHES HUBBARD & REED<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>Facsimile: (212) 422-4726 |

You may file a written objection without having to appear at the Settlement Hearing (defined below).  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the proposed Settlement, proposed Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense.  If you wish to be heard orally at the hearing in opposition to the approval of the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the Claims Administrator at the address set forth above.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application.

## 20.    What is the Difference Between Objecting and Excluding?

Objecting is telling the Court that you do not like something about the proposed Settlement or any part of it, including the proposed Plan of Allocation, and Fee and Expense Application. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

14

**21.      When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application (the "Settlement Hearing"). You may attend and you may ask to speak, but you do not have to.

The Settlement Hearing will take place at _____ a.m., on _____, 202_, at the United States District Court for New Jersey, Courtroom PO 03, 50 Walnut Street, Newark, NJ 07102.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Vazquez will listen to people who have asked to speak at the hearing.  *See* Question 19, above.  The Court will also decide whether to approve the proposed Plan of Allocation and the payment of fees and expenses to Lead Counsel.  The Court may decide these issues at the hearing or take them under consideration and decide them at a later time.  We do not know how long these decisions will take.

The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**22.      Do I have to Come to the Hearing?**

No. Class Members do not need to attend the Settlement Hearing; thus, you are not obligated to attend.  Lead Counsel will answer any questions Judge Vazquez may have.  Moreover, the Court will consider any submission made in accordance with the provisions in this Notice even if the Class Member does not attend the hearing.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  *See* Question 18, above.

**23.      May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Galena Biopharma, Inc., Securities Litigation*, Case No 2:17-cv-00929-JMV-JBC.  Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of Galena common stock, including the dates, the number of shares, and price paid or received per share of common stock for each such purchase or sale; and (c) your signature.  Your notice of intention to appear must be filed with the Court at the address above (*see* Question 19) prior to the date of the Settlement Hearing, and be sent to the Lead Counsel, and Defendants' Counsel, at the addresses below.

William B. Federman, Esq.
A. Brooke Murphy, Esq.
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120

*Counsel for Plaintiffs and Lead Counsel
for the Settlement Class*

Shahzeb Lari, Esq.
HUGHES HUBBARD & REED
One Battery Park Plaza
New York, NY 10004-1482
Facsimile: (212) 422-4726

*Counsel for Defendants*

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### 24.    What Happens if I Do Nothing at All?

If you do nothing, you will receive no money from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and their Corresponding Related Parties about the Released Claims in this case.

### 25.    How Do I Get More Information?

This Notice is a summary and does not describe all of the details of the Stipulation of Settlement.  For the precise terms and conditions of the proposed Settlement, you may review the Stipulation filed with the Court, as well as the other pleadings and records of the Action, which may be inspected during regular business hours, at the office of the Clerk of the Court, United States District Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07102, during regular business hours, or from Lead Counsel's website, www.federmanlaw.com.  Class Members without access to the internet may be able to review the Stipulation on-line at locations such as a public library.

For further information regarding the proposed Settlement you may contact:

| **Claims Administrator** | **Counsel for Plaintiffs** |
|---|---|
| Galena Securities Settlement<br>c/o Epiq Class Action & Claims Solutions, Inc.<br>P.O. Box 6578<br>Portland, OR 97208-6578<br>Toll Free: (855) 867-0739<br>www.GalenaSettlement.com | William B. Federman, Esq.<br>Brooke Murphy, Esq.<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>Telephone: (405) 235-1560 |

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Bankers, brokers, and nominees ("Nominees") who held Galena common stock during the period November 3, 2014 through November 9, 2015, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners.  Nominees may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.  Nominees who do not intend to comply with the provisions of this paragraph are requested to notify the Claims Administrator of that fact.

DATED: _____, 2021        BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    FOR THE DISTRICT OF NEW JERSEY

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION | Case No. 2:17-cv-00929-JMV-JBC |

**FORM OF CLAIM FORM**

**Galena Securities Settlement**
**c/o Epiq**
**P.O. Box 6578**
**Portland, OR 97208-6578**
**Toll-Free Number: (855) 867-0739**
**Email: info@GalenaSettlement.com**
**Settlement Website: www.GalenaSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, postmarked no later than [   ] or submit it online at www.GalenaSettlement.com by [   ].

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN GALENA COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                          Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                          Evening Telephone Number:

Email Address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

2

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER (see the definition of the Settlement Class on pages [ ] the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Galena common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Galena common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      <u>Please note</u>: Only Galena common stock purchased during the period November 3, 2014 through November 9, 2015, inclusive (the "Settlement Class Period") is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Galena common stock through February 5, 2016, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Galena common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties, Galena, and the Claims Administrator do not independently have information about your investments in Galena common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you**

**send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.     All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased Galena common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Galena common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Galena common stock; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

      (a)     own(ed) the Galena common stock you have listed in the Claim Form; or

      (b)     are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq, at the above address, by email at info@GalenaSettlement.com, or by toll-free phone at (855) 867-0739, or you can visit the Settlement website, www.GalenaSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.GalenaSettlement.com or you may email the Claims Administrator's electronic filing department at info@GalenaSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at** info@GalenaSettlement**.com to inquire about your file and confirm it was received and acceptable.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT** (855) 867-0739**.**

**PART III – SCHEDULE OF TRANSACTIONS IN GALENA COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Galena common stock.

| 1. HOLDINGS AS OF NOVEMBER 3, 2014 – State the total number of shares of Galena common stock held as of the opening of trading on November 3, 2014. (Must be documented.) If none, write "zero" or "0."<br><br>_____ | Confirm Proof of Position Enclosed<br><br>○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 3, 2014 THROUGH FEBRUARY 5, 2016, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Galena common stock from after the opening of trading on November 3, 2014 through and including the close of trading on November 9, 2015. (Must be documented.) (Please note, purchases during the 90-day period from November 10, 2015 through February 5, 2016 will be used to balance your claim only).

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed | Purchased on a U.S. Exchange or Alternative Trading System (Y/N) |
|---|---|---|---|---|---|
| /   / | | $ | $ | ○ | |
| /   / | | $ | $ | ○ | |
| /   / | | $ | $ | ○ | |
| /   / | | $ | $ | ○ | |
| /   / | | $ | $ | ○ | |

| **3. SALES FROM NOVEMBER 3, 2014 THROUGH FEBRUARY 5, 2016, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Galena common stock from after the opening of trading on November 3, 2014 through and including the close of trading on February 5, 2016. (Must be documented.) | **IF NONE, CHECK HERE**<br>○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

6

| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **4. HOLDINGS AS OF FEBRUARY 5, 2016 –** State the total number of shares of Galena common stock held as of the close of trading on February 5, 2016. (Must be documented.) If none, write "zero" or "0." <br> _____ | Confirm Proof of Position Enclosed <br> ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**  ☐

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) immediate family members, heirs, trusts, trustees, members, partners, shareholders, estates, beneficiaries, agents, affiliates, insurers and reinsurers, corporate parents and subsidiaries, executors, administrators, predecessors, successors, assigns, and assignees, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Galena common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Galena common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                   Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                               Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                    Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page 4 of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard.  **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (855) 867-0739.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@GalenaSettlement.com, or by toll-free phone at (855) 867-0739, or you may visit www.GalenaSettlement.com.  Please DO NOT call Galena or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN [  ]**, ADDRESSED AS FOLLOWS:

Galena Securities Settlement
c/o Epiq
P.O. Box 6578
Portland, OR 97208-6578
(855) 867-0739
www.GalenaSettlement.com

**OR SUBMITTED ONLINE AT www.GalenaSettlement.com BY [  ].**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [  ] is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION | Case No. 2:17-cv-00929-JMV-JBC |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION AND SETTLEMENT HEARING THEREON**

TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK OF GALENA, INC. ("GALENA") DURING THE PERIOD NOVEMBER 3, 2014 THROUGH NOVEMBER 9, 2015, INCLUSIVE.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey, that Lead Plaintiffs in the above-captioned litigation (the "Action") have reached a proposed settlement with Defendants for $1,600,000.00 in cash, plus interest earned (the "Settlement").

A hearing will be held on _____, 202_, at ___ a.m., at the United States District Court for New Jersey, Courtroom PO 03, 50 Walnut Street, Newark, NJ 07102 for the purpose of determining: (1) whether the Court should certify the Settlement Class for purposes of the Settlement pursuant to Federal Rule of Civil Procedure 23; (2) whether the proposed Settlement of $1,600,000.00 in cash, plus any return thereon, should be approved by the Court as fair, just, reasonable, and adequate; (3) whether the Action should be dismissed with prejudice as against Defendants and Defendants' Released Parties as set forth in the Stipulation of Settlement dated September 13, 2021; (4) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (5) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Action should be approved; and (6) such other matters as the Court may deem appropriate.

**If you purchased Galena's common stock during the period from November 3, 2014 through November 9, 2015, inclusive, your rights may be affected by the settlement of the Action.** If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim, you may obtain copies by writing to *Galena Securities Settlement* c/o Epiq Class Action & Claims Solutions, Inc., Claims Administrator, P.O. Box 6578, Portland, OR 97208-6578, or by calling (855) 867-0739. You may also obtain copies on the internet at www.GalenaSettlement.com. Complete information concerning the Action may be obtained from the Court files on this matter.

1

If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Claims Administrator's address provided above and postmarked no later than _____, 202_. If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion, at the address above and postmarked no later than _____, 202_, in the manner and form detailed in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgment or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, and/or Fee and Expense Application must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Lead Counsel for Plaintiffs and Counsel for Defendants, such that it is received by each party no later than _____, 202_, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** Any questions should be directed to:

| **Claims Administrator:** | **Lead Counsel for Plaintiffs:** |
|---|---|
| Galena Securities Settlement | William B. Federman |
| c/o Epiq Class Action & Claims Solutions, Inc. | A. Brooke Murphy |
| | FEDERMAN & SHERWOOD |
| P.O. Box 6578 | 10205 N. Pennsylvania Avenue |
| Portland, OR 97208-6578 | Oklahoma City, OK 73120 |
| Toll Free: (855) 867-0739 | (405) 235-1560 |
| www.GalenaSettlement.com | wbf@federmanlaw.com |
| | abm@federmanlaw.com |

DATED: _____, 202__

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**EXHIBIT 4**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION | CASE NO. 2:17-CV-00929-JMV-JBC |

**FORM OF POSTCARD NOTICE**

Galena Securities Settlement
c/o Epiq
P.O. Box 6578
Portland, OR 97208-6578

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Galena Biopharma, Inc. Securities Litigation*
Case No. 2:17-cv-00929-JMV-JBC

Name
Address
City, State
Zip

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.GALENASETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Galena Biopharma Inc. ("Galena"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by allegedly misrepresenting or omitting material facts about the marketing of an opioid drug, Abstral. Plaintiffs allege that the purported false and misleading statements or omissions resulted in the artificial inflation of the price of Galena common stock during the period November 3, 2014 through November 9, 2015, inclusive. Defendants deny all allegations of wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased Galena common stock during the Settlement Class Period and been damaged thereby.

A Settlement Amount of $1,600,000.00 in cash, will be paid on behalf of Defendants. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.GalenaSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Galena common stock. If every eligible Class Member submits a valid Claim Form, the average recovery will be $0.32 per eligible share of common stock before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www. GalenaSettlement.com or will be mailed to you upon request to the Claims Administrator (855-867-0739). **Claim Forms must be submitted online or postmarked by [    ].** If you do not want to be legally bound by the Settlement, you must exclude yourself by [   ], or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by [    ]. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on [    ], to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for an award of attorneys' fees not to exceed $528,000 (33% of the Settlement Fund) and for the reimbursement of out-of-pocket expenses of up to $80,000, which were incurred in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Estimates of the average cost per affected share of Galena common stock, if the Court approves Lead Counsel's fee and expense application, is $0.12 per share of common stock. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (855-867-0739) or visit the website www.GalenaSettlement.com and read the detailed Notice.