UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION | Case No. 2:17-cv-00929-JMV-JBC<br><br>CLASS ACTION |

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS:

A. Lead Plaintiffs Dan Grunfeld, Shawn Kracht, Joseph Selinger, James Huisman, and Brooks Lieske (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class, on the one hand, and SELLAS Life Sciences, Inc. f/k/a Galena Biopharma, Inc. ("the Company"), Mark J. Schwartz and Christopher S. Lento (collectively, "Defendants"), on the other hand, have entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B. By Order dated October 8, 2021 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to the Settlement Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

1

C.  The provisions of the Preliminary Approval Order as to notice were complied with and notice was disseminated to potential members of the Settlement Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's preliminary certification of the Settlement Class for settlement purposes only; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

D.  On January 25, 2022, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on February 24, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

E.  This Court has duly considered Lead Plaintiffs' motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement, including any objections thereto;.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on September 15, 2021; and (b) the Long Notice and the Summary Notice, both of which were filed with the Court on September 15, 2021. Capitalized terms not defined in this Judgment will have the meaning set forth in the Stipulation.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired shares of the common stock of the Company between November 3, 2014 through November 9, 2015, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of the Company; (iii) members of their immediate families; (iv) their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest; and (v) all Persons who have timely and validly sought exclusion from the Settlement Class.

4. The Court finds that the dissemination of the Postcard Notice and the publication of the Long Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed

Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

5. ~~The Court has considered any and all objections to the Settlement, to the extent any were filed, and finds that such objections are without merit, and are hereby overruled.~~  No objections were filed.

6. Defendants timely mailed notice of the Stipulation to the appropriate State and Federal officials in compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, including all of the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

7. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set

forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action against Defendants), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action is hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. The Plan of Allocation is hereby approved as fair, reasonable, and adequate. Any order, proceeding, appeal, modification, or change relating to the Plan of Allocation shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

10. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

11. Upon the Effective Date, Plaintiffs and all other Class Members will expressly, fully, finally, and forever settle and release as against Defendants, and

their current and former parents, affiliates, and subsidiaries, and each of their respective current and former officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts or holdings of personal or family assets, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such, all claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, and charges of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class and/or individual in nature, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Third Amended Consolidated Securities Class Action Complaint or any of the previous complaints filed in this Action, or (b) could have asserted, or in the future can or might assert in the Action or in any other action or in any other forum that relate to, arise out of, or are based upon the allegations, transactions, facts, events, acts, matters or occurrences, disclosures or nondisclosures, representations or omissions involved, set forth, or referred to in the Third Amended Consolidated Securities Class Action Complaint or any of the previous complaints filed in the Action and that relate to the purchase or

acquisition of common stock of the Company during the Class Period, or that otherwise would have been barred by res judicata had the Action been litigated to a final judgment, including all rights of appeal from any prior decision of the Court in the Action.

12.  Upon the Effective Date, Defendants will release as against Plaintiffs and all other Class Members, and their respective attorneys, experts, and agents, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of, or are based upon, the institution, prosecution, or settlement of the claims against Defendants in the Action. Notwithstanding the foregoing, Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court as valid; (iii) any claims that any Defendant may have against any party other than any of Plaintiffs' Releasees; and (iv) any claims that any Defendant may have under or relating to any policy of liability, any other insurance policy, or any contractual or statutory right to indemnification. For the avoidance of doubt, Defendants will not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy.

13. The Court hereby orders that, upon the Effective Date of the Settlement, to the fullest extent permitted by law, any and all claims, whether arising under state, federal or common law, for contribution or indemnity, however denominated, based upon, or related to any fact or circumstances involved in or arising out of the Action, (a) by any person or entity against any of the Defendants' Releasees or (b) by any of the Defendants' Releasees against any other person or entity shall be permanently barred, extinguished, and discharged, with the scope and preclusive effect of this bar order as broad as that permissible under 15 U.S.C. § 78u-4(f)(7) and other federal and state law, including Del. C. § 6304(b) (the "Bar Order"). For the avoidance of doubt, Defendants will not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy.

14. Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

15. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11

of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16.  Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)  shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant's Releasees or in any way referred to for any other reason as against any of the Defendant's Releases in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation.

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Settling Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

17. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion by Lead

Counsel for an award of attorneys' fees and/or expenses that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Settlement.

18.  Separate orders shall be entered regarding approval of a plan of allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.  The approved Plan of Allocation or award of attorneys' fees and expenses in no way shall disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

20.  Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Stipulation, as provided in the Stipulation.

22. There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against Defendants.

SO ORDERED this __24th__ day of __February__, 2022.

_____
The Honorable John Michael Vazquez
United States District Judge